1
2
3
4
5                                                             *Original filed 3/14/07
6
7
8                              NOT FOR CITATION
9
                 IN THE UNITED STATES DISTRICT COURT
10
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12   REX MCCURDY,                    )      No. C 06-2830 JF (PR)
                                     )
13              Plaintiff,           )      ORDER DENYING
                                     )      PLAINTIFF'S MOTION FOR
14     vs.                           )      PROTECTIVE ORDER;
                                     )      DENYING MOTION TO
15                                   )      PROCEED IN FORMA
                                     )      PAUPERIS WITHOUT
16   GARY SIMPSON, et al.,           )      PREJUDICE
                                     )
17              Defendants.          )
     _____)      (Docket nos. 4, 7)
18

19
            Plaintiff, a civil detainee pursuant to California's "Sexually Violent Predators
20
     Act," ("SVPA")  see Cal. Welf & Inst. Code §§ 6600 - 6609.3, filed the instant civil
21
     rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for
22
     Eastern District of California.  The instant civil rights action was transferred to this Court
23
     on April 26, 2006.  The Court initially denied Plaintiff's motion for a fee exemption and
24
     required Plaintiff to submit a non-prisoner in forma pauperis application.  Plaintiff has
25
     filed a motion for a protective order and a motion to proceed in forma pauperis.  The
26
     Court will DENY plaintiff's motion for protective order and DENY Plaintiff's motion to
27
     proceed in forma pauperis without prejudice.
28

**DISCUSSION**

A.    Motion for Protective Order

Plaintiff has filed a motion for a qualified protective order to bar the named Defendants from transporting, housing, supervising or having any personal contact with Plaintiff while this case is pending before the Court.  The Court construes Plaintiff's motion as a motion for a preliminary injunction and/or temporary restraining order pursuant to Federal Rule of Civil Procedure 65.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  See Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria.  The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants;[1] and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor.  See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants.  Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

1   F.2d 962, 965 (9th Cir. 1983). These two formulations represent two points on a sliding
2   scale in which the required degree of irreparable harm increases as the probability of
3   success decreases. <u>Diamontiney</u>, 918 F.2d at 795. At the very least, however, the
4   moving party must show a fair chance of success on the merits. <u>Armstrong v. Mazurek</u>,
5   94 F.3d 566, 567 (9th Cir. 1996).

6       The Court notes that a temporary restraining order or preliminary injunction
7   cannot be granted at this stage because the Defendants have not been served and are not
8   on notice. Furthermore, the Court concludes that Plaintiff has not shown sufficient facts
9   to establish that he actually faces irreparable harm at this time, as he is currently housed
10  at Coalinga State Hospital. Nor has Plaintiff shown his probable success on the merits.
11  Accordingly, Plaintiff's motion for a qualified protective order (docket no. 4) is DENIED
12  without prejudice. If Plaintiff's circumstances change during these proceedings, he may
13  renew his request with the Court.

14  B.  <u>Motion to Proceed In Forma Pauperis</u>

15      Plaintiff filed a non-prisoner in forma pauperis application. However, Plaintiff did
16  not include a copy of his trust account statement. As set forth in the Court's previous
17  order denying Plaintiff's motion for fee exemption, Plaintiff should note that the question
18  on page four of the application regarding whether he has a bank account should be
19  completed to indicate any funds he has in any trust account maintained for him at the
20  institution where he is committed or detained. Plaintiff must inform the Court of any
21  such account he has at the facility.

22      The Court notes that Plaintiff's initial motion to proceed in forma pauperis filed in
23  the Eastern District includes a copy of his Coalinga State Hospital Trust Account
24  statement and a certificate of funds showing that Plaintiff had an average deposit of
25  $108.25 and an average balance of $49.69 in the preceding six months. Accordingly,
26  Plaintiff's motion to proceed in forma pauperis (docket no. 7) is DENIED without
27  prejudice. Plaintiff shall submit a copy of his trust account statement within **thirty days**

28

1    of the date this order is filed and the Court will reconsider Plaintiff's motion to proceed in

2    forma pauperis.  The Court will review Plaintiff's complaint in a separate written order.

3            IT IS SO ORDERED.

4    DATED:   3/14/04                          _____

5                                              JEREMY FOGEL
                                               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   A copy of this ruling was mailed to the following:

2

3   Rex McCurdy
    CO-00035-6   RHU 4
    Coalinga State Hospital
4   P.O. Box 5003
    Coalinga, CA  93210

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28